[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #118 MOTION TO STRIKE
The pleadings in this matter are somewhat confusing, on March 16, 1999, the defendants filed what the Court can only describe as a "blended" motion to strike the complaint and motion to dismiss for lack of subject matter jurisdiction. The pleading is in fact entitled "Defendants' Motion to Strike Third Amended Complaint and Motion to Dismiss for Lack of Subject Matter Jurisdiction". The defendant's motion is entitled as both a motion to dismiss and a motion to strike. Its memorandum in support is entitled "Defendants' Memorandum of Law in Support of Motion to Strike", but said memorandum contains a section concerning "Motion to Dismiss — Jurisdiction". Additionally, the Order page addresses both a motion to dismiss and a motion to strike.
Although the Connecticut Practice Book does not appear to authorize the filing of a blended pleading, it does not appear from the file that the parties ever addressed this issue.
On December 28, 1999, the Court (Levin, J) granted the "motion to dismiss" as to the First Count of the Complaint and denied it as to the Second Count.
On April 3, 2000, the defendants filed a pleading entitled "Motion to Strike". In this pleading the defendants assert that said Count is legally insufficient for reason that the plaintiff complaint does not comply with the provisions of § 52-91 of the Connecticut General Statutes. Nor does it comply with the provisions of §§ 10-20 and 17-56 of the Connecticut Practice Book. The gist of the defendants' argument is that the Third Amended Complaint does not have a prayer for relief.
Subsequently to the Court filing a decision as to the aforementioned motion, and after the lapse of fifteen days, the defendants once again moved to strike the Second Count of the Complaint. As noted by the defendants in the their memorandum in support of the motion to strike, the plaintiff did not further amend his complaint after the aforementioned blended motion was heard and decided by the Court.[1]
On June 2, 2000, the plaintiff filed a pleading entitled "Plaintiff's Memorandum in Opposition to Defendant's Third Motion to Strike", but after a thorough review of the file and the computer records at the Judicial Web Site on the internet, the Court was unable to find an actual motion in objection to the motion to strike. CT Page 5635
Although the plaintiff did not follow the letter of the Connecticut Practice Book in expressing its objection to the defendants' motion to strike by filing the proper motion, in the interest of judicial economy and to prevent from exalting form over substance, the Court has reviewed the aforementioned memorandum.
When the defendants in this matter moved to strike the Third Amended Complaint, in its entirety, the Second Count was included in said Complaint, therefore the defendants have already had the opportunity to strike the Second Count of the Third Amended Complaint.[2] Said motion was ruled upon a coordinate judge of the Superior Court. As noted by the defendants, the plaintiff did not re-plead or amend his complaint after the Court ruled on said motion, therefore the operative complaint is the complaint upon which a motion to strike has already been ruled upon. The defendants may not have a second bite of the apple to strike the Second Count of the operative complaint. The pleadings must advance in accordance with the provisions of the Connecticut Practice Book.
In accordance with the foregoing, the Motion to Strike the Second Count is denied.
Richard A. Robinson, J May 2, 2002